USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/16/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIGUEL DIAZ,

          Petitioner,  :  **MEMORANDUM ORDER**

   -v-  :  21-CV-5452 (LGS) (JLC)

SUPERINTENDENT ERIC BELL,

          Respondent.
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Pro se Petitioner Miguel Diaz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 26, 2021. (Dkt. No. 1) ("Petition"). Currently before the Court is Petitioner's motion for a bail hearing, which was filed on September 7, 2021. (Dkt. No. 21).

Petitioner argues that because he is not scheduled to be released from incarceration until June 1, 2023 and his habeas petition is unlikely to be resolved by that date, a grant of bail is appropriate. (Dkt. No. 21 at 1). Respondent opposes the motion, arguing that Petitioner's claims do not warrant habeas relief, that both the crime to which he pled guilty and his lengthy criminal history make him "a particularly poor candidate for bail," and that there are no special or unusual circumstances that would warrant a grant of bail in this case. (Dkt. No. 23 at 1–2).

"[T]he federal courts have inherent authority to admit to bail individuals properly within their jurisdiction." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001); *see also Grune v. Coughlin*, 913 F.2d 41, 43–44 (2d Cir. 1990). But the power of a

1

federal court to grant bail to a habeas petitioner "is a limited one, to be exercised in special cases only." *Mapp*, 241 F.3d at 226. The Second Circuit in *Mapp* explained that the "standard for bail pending habeas litigation is a difficult one to meet," and stated that a petitioner seeking bail "must demonstrate [1] that the habeas petition raises substantial claims and [2] that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." *Id.* (quotation marks and brackets omitted). "'In short, the court asks whether this case is distinguishable from other habeas corpus cases.'" *Moore v. Vann*, No. 20-CV-12 (DNH), 2020 WL 2315694, at *1 (N.D.N.Y. May 11, 2020) (alterations omitted) (quoting *Jackson v. Bennett*, No. 01-CV-8971 (NRB), 2002 WL 126679, at *1 (S.D.N.Y. Jan. 30, 2002)).[1]

Without deciding whether Petitioner has raised "substantial claims" in his Petition, the Court concludes that Petitioner has not established the existence of "extraordinary circumstances" that warrant the relief he seeks.[2] "The fact that petitioner is incarcerated in alleged violation of his constitutional rights does not constitute an extraordinary circumstance." *Id.*; *see generally Iuteri v. Nardoza*, 662

---

[1] In accordance with *Lebron v. Sanders*, 557 F.3d 76, 78 (2d Cir. 2009), and Local Rule 7.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case, which is unpublished or only available by electronic database, shall be simultaneously delivered to pro se Petitioner along with this Memorandum Order.

[2] Because of the two-pronged standard set forth in *Mapp*, it is not necessary for the Court to reach the merits of the underlying Petition in this action in order to rule on the motion for bail. Accordingly, nothing in this Memorandum Order should be interpreted as a ruling on the merits of the Petition.

2

F.2d 159, 162 (2d Cir. 1981) (reversing order granting bail and finding "nothing unusual" about petitioner's argument that, "if the habeas writ is granted, it will mean that his incarceration . . . would have been without basis," given that "[v]irtually all habeas corpus petitioners argue that their confinement is unlawful.").

Here, Petitioner "has not made any showing that his is a 'special case' and that extraordinary circumstances exist such that release is necessary to make the habeas corpus remedy effective." *Moore*, 2020 WL 2315694, at *2 (quotation marks and brackets omitted). The mere fact that he thinks his case may not be resolved for almost two years, without more, is insufficient to justify a bail proceeding at this time. Accordingly, Petitioner's motion for a bail hearing is denied. The Court makes no determination regarding the merits of any of the claims raised in the Petition.

The Clerk is respectfully directed to close docket entry number 21 and mark it as denied.

**SO ORDERED.**

Dated: September 16, 2021
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

**A copy of this Memorandum Order (and a copy of the *Moore* decision) has been mailed to the following:**
Miguel Diaz
DIN: 18A2702
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929